UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKINGS POLICE DEPARTMENT, AND DAMIAN WEETS, IN HIS OFFICIAL CAPACITY;<br><br>Defendants. | 4:18-CV-04098-RAL<br>4:18-CV-04099-RAL<br>4:18-CV-04100-RAL<br><br>OPINION AND ORDER |

Plaintiff Charles Ray Johnson (Johnson) filed three closely related pro se civil rights lawsuits in succession under 42 U.S.C. § 1983. All three suits allege that Defendants falsely arrested and used excessive force against him during his arrest, thereby violating his constitutional rights and either intentionally or negligently inflicting emotional distress. Specifically, Johnson states that police officer Damian Weets (Officer Weets), having been called to investigate Johnson's activities as he sat with a woman in a car outside a residential housing unit for five hours, brandished his weapon and pointed it at Johnson after Johnson failed to provide the officer his identification. Johnson claims that the officer had no probable cause to investigate Johnson's activities and believes that police were called by residents whom Johnson had previously reported to the police for failure to supervise a toddler. Officer Weets ultimately arrested Johnson for False Impersonation to Deceive Law Enforcement, and Johnson, who was on state probation or parole,

spent approximately one week in the South Dakota Department of Correction's Jameson Annex as a result of the arrest.

Johnson filed three lawsuits against the Brookings Police Department and Officer Weets over the same facts. In the case filed as 18-CV-4098-RAL, Johnson requested appointment of counsel and in each of the three cases Johnson sought leave to proceed in forma pauperis. In accordance with the screening procedure required by 28 U.S.C. § 1915(e)(2), the Court dismisses Johnson's Complaint.

I.      **Standard of Review**

Suits brought in forma pauperis are subject to a two-step screening process, which first requires the plaintiff to demonstrate financial eligibility to proceed without prepayment of fees. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see e.g., Lundahl v. JP Morgan Chase Bank, 2018 WL 3682503, *1 (D.S.D. 2018). A person may be granted permission to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The litigant is not required to demonstrate absolute destitution, and the determination of whether a litigant is sufficiently impoverished to qualify to so proceed is committed to the court's discretion. Lee v. McDonald's Corp., 231 F.3d 456 (8th Cir. 2000); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983); see, e.g., Babino v. Janssen & Son, 2017 WL 6813137, *1 (D.S.D. 2017). In light of the information Johnson has provided in his financial affidavits, this Court finds that he may proceed in forma pauperis.

The second step of the in forma pauperis screening process requires a district court to determine whether a pro se civil action against a governmental entity or employee should be dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted"

2

or for "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); Martin-Trigona, 691 F.2d at 857; see also Lundahl, at *1. Pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Native Am. Council of Tribes v. Solem, 691 F.2d 382 (8th Cir. 1982). Notwithstanding its liberal construction, a pro se complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact;" that is, where the claim is "based on an indisputably meritless legal theory" or where, having "pierce[d] the veil of the complaint's factual allegations," the court determines those facts are "fantastic or delusional." Neitzke v. Williams, 490 U.S. 319, 325, 327–28 (1989) (internal citations omitted); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992).

A court may dismiss a complaint for failure to state a claim "as a matter of law if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke, 490 U.S. at 327 (1989) (internal citations omitted). To avoid dismissal, a complaint "must show that the plaintiff 'is entitled to relief,' . . . by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (quoting In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc), Fed. R. Civ. P. 8(a)(2), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). To determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. at 679 (2009). A complaint must allege "more than labels and conclusions." Torti, 868 F.3d at 671 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## II. Constitutional Claims Against Brookings Police Department

It is well-settled law that police departments, sheriff's offices, and jails are not persons within the meaning of 42 U.S.C. § 1983 and are thus not amenable to suit. See, e.g., De La Garza

3

v. Kandiyohi County Jail, Correctional Institution, 18 Fed.Appx. 436, 437 (8th Cir. 2001); see also Purchase v. Sturgis Police Dept., 2015 WL 1477733, *12 (D.S.D. 2015); and Ferrell v. Williams County Sherriff's Office, 2014 WL 6453601 (N.D. 2014) (collecting cases). Consequently, Johnson's claims of false arrest and use of excessive force against the Brookings Police Department should be dismissed. Johnson's state law claims against Brookings Police Department are discussed below.

### III. Constitutional Claims Against Officer Weets

Johnson claims that Officer Weets falsely arrested him and used excessive force in violation of the Fourth Amendment right against unreasonable search and seizure. Johnson does not state whether his suit against Officer Weets is in the officer's individual or official capacity. However, where a complaint "does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007).

A claim brought against a state official in his or her official capacity is treated as a suit against the state or political subdivision itself. Kentucky v. Graham, 473 U.S. 159, 165 (1985). In an official capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official was an agent motivated the alleged constitutional violation. Id. at 166; see also Hafer v. Melo, 502 U.S. 21, 25 (1991). State officials may only be sued in their official capacity for injunctive relief, not for damages. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); and Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n.10 (1989).

To establish a claim for such custom liability, plaintiff must demonstrate the following:

(1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

4

    (2) Deliberate indifference to or tacit authority of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
    (3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

Johnson v. Douglas County Medical Dept., 725 F.3d 825, 827 (8th Cir. 2013). Governmental entities may be sued for constitutional violations that arise via governmental custom "even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Claims based on a theory of vicarious liability, however, may not be brought under § 1983. Aschcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Here, Johnson has not claimed that Officer Weets' actions were the result of a policy or custom of the Brookings Police Department. Nor has Johnson requested injunctive relief. Rather, Johnson has alleged that the actions of an individual officer in arresting him were unlawful. Such an allegation is insufficient to state a claim for liability against Officer Weets in his official capacity

## IV.    Claims for Intentional and Negligent Infliction of Emotional Distress

Johnson's claims against Officer Weets and the Brookings Police Department for intentional and negligent infliction of emotional distress are state law claims. A federal district court has original jurisdiction over § 1983 claims based on federal question jurisdiction under 28 U.S.C. § 1331. Johnson's state law claims arise out of the same incident and share a common nucleus of operative fact; as such, this Court could exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367 if the claims subject to federal question jurisdiction remain. However, because Johnson's federal claims should be dismissed, this Court appropriately should

decline to maintain jurisdiction over Johnson's state law claims. 28 U.S.C. § 1367(c)(3). Johnson can file infliction of emotional distress claims in state court in Brookings County.

V.      **Conclusion**

Accordingly, it is hereby

ORDERED that Johnson's motions for leave to proceed in forma pauperis, Doc. 3, 18-CV-4098-RAL; Doc. 3, 18-CV-4099-RAL; and Doc. 3, 18-CV-4100-RAL, are granted. It is further

ORDERED that Johnson's Complaints, Doc. 1, 18-CV-4098-RAL; Doc. 1, 18-CV-4099-RAL; and Doc. 1, 18-CV-4100-RAL, are dismissed without prejudice. It is finally

ORDERED that Johnson's Motion to Appoint Counsel, Doc. 4, 18-CV-4098-RAL, is denied, as Johnson's Complaint is being dismissed.

DATED this 2nd day of November, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE